UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YERY CONISER JUAREZ LOPEZ,

       Petitioner,

v.                             Case No. 3:26-cv-319-MMH-LLL

SHERIFF SCOTTY RHODEN, et al.,

       Respondents.

---

## ORDER

### I. Status

Petitioner Yery Coniser Juarez Lopez, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1) on February 13, 2026. On April 8, 2026, Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 10; Response). Lopez filed a counseled Reply (Doc. 11). This case is ripe for review.

### II. Background

Lopez is a citizen of Guatemala who entered the United States on August 3, 2018, when he was twelve years old. Response at 2. He was detained and later released on his own recognizance. Id. On February 13, 2020, an immigration judge ordered Lopez removed in absentia. Id. On December 18, 2024, United States Citizenship and Immigration Services (USCIS) approved

Lopez's Form I-360, Petition for Ameriasian, Widow(er), or Special Immigrant, and advised Lopez that his grant of deferred action would remain in effect for a period of four years unless USCIS terminated it earlier. Id. at 2–3. On December 30, 2024, Lopez moved to rescind the order of removal and to reopen removal proceedings, which the immigration judge granted on April 3, 2025. Id. at 3. On January 26, 2026, ICE detained Lopez following his arrest during a traffic stop. Id.

### III. Analysis

The crux of Lopez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 19. As relief, he seeks, inter alia, immediate release. Id. at 20.

Respondents argue that this Court lacks jurisdiction over Lopez's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 4–9. Respondents further recognize that this Court has previously rejected these same arguments in nearly identical circumstances. See id. at 8 (citing Gomez-Pena v. Sec'y, DHS, No. 3:25-cv-1287-MMH-MCR, 2026 WL 83980 (M.D. Fla. Jan. 12, 2026); Ortiz v. Noem, No. 3:25-cv-1386-MMH-MCR, 2025 WL 3653217 (M.D. Fla. Dec. 17, 2025)).

Upon review, the Court finds that its previous opinions on these issues apply with equal force to this case. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No.

3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v.

Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2,

2026).[1] Indeed, the Court is satisfied it has jurisdiction over Lopez's claims;

further administrative exhaustion would be futile; and given that Lopez

entered the United States without inspection and has been residing here for

some time, he is not properly detained under § 1225(b)(2) as Respondents

contend and release is the appropriate remedy.

Accordingly, it is

**ORDERED**:

1.    Lopez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

Respondents shall release Lopez **within 24 hours of this Order**, and they

shall facilitate his transportation from the detention facility by notifying his

counsel when and where he can be collected.

---

[1] The circuit split predicted in these decisions has now materialized. On April 28, 2026, the Second Circuit Court of Appeals disagreed with the Fifth and Eighth Circuits, holding that "Section 1225(b)(2)(A) does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." Cunha v. Freden, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026).

2.      The **Clerk** is directed to terminate any motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 5/5
c:
Counsel of Record

4